IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| WILLIE ERVIN MOORE a/k/a<br>JULIAN F. CARTER, II,<br><br>    Plaintiff,<br><br>VS.<br><br>SEARS DEPARTMENT STORES,<br>ET AL.,<br><br>    Defendants. | No. 15-2323-JDT-tmp |

ORDER DISMISSING CASE AND ASSESSING $400 CIVIL FILING FEE

On May 14, 2015, the Plaintiff, Williie Ervin Moore a/k/a Julian F. Carter, II, Tennessee Department of Correction prisoner number 219268, who is incarcerated at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) Plaintiff is a three-strike filer under 28 U.S.C. § 1915(g). In an order issued on April 27, 2016, the Court denied leave to proceed *in forma pauperis* because the complaint did not satisfy the imminent danger exception to § 1915(g), directed Plaintiff to pay the $400 civil filing fee within 30 days, and prohibited the filing of further motions until the filing fee was paid. (ECF No. 5.) The order further stated that failure to pay the fee as instructed would "result in the assessment of the filing fee from Moore's

inmate trust account without regard to the installment procedures [of 28 U.S.C. §§ 1915(a)-(b)] and dismissal of this action for failure to prosecute." (*Id.* at 4.)

Plaintiff has not paid the filing fee, and the time within which to do so has expired. Therefore, this case is DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Notwithstanding the dismissal of this action, the Court is still required to assess the civil filing fee, since the responsibility for paying the filing fee accrues at the time a complaint is filed. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *cf. In re Alea*, 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee).

It is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust account officer at Plaintiff's prison shall withdraw from Plaintiff's trust account the sum of $400 and forward that amount to the Clerk of this Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the civil filing fee is paid in full. The trust account officer is not required to remit any balance less than $10, unless that amount would constitute the final installment of the civil filing fee, provided that any balance

under $10 is held in custody for purposes of paying the civil filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into Plaintiff's account to bring the balance to $10.

Each time that the trust account officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee
> 167 N. Main St., Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust accounts at Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Warden of the WTSP to ensure that the custodian of Plaintiff's inmate trust account complies with this order.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE